(158 App. Div. 102.)

SEARS v. SOVIE.

(Supreme Court, Appellate Division, Third Department. September 10, 1913.)

1. LANDLORD AND TENANT (§ 161*)—PROPERTY OF TENANT LEFT ON PREMISES—RIGHTS OF TENANT.

A tenant of farm land did not convert stacks of hay thereon, owned by a former tenant which he had failed to remove during the term, by forbidding him to enter on the land for the purpose of removing them at a time when the land was soft and the wagon wheels cut ruts from 2 to 12 inches deep, since the former tenant was a trespasser, and the present tenant simply exercised dominion and control over the real property of which he was rightfully in possession to the extent only of forbidding the former tenant to enter thereon at an unsuitable time when such entry would do serious damage.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 627, 628; Dec. Dig. § 161.*]

2. TROVER AND CONVERSION (§ 4*)—NATURE AND ELEMENTS OF "CONVERSION."

Conversion is an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another to the alteration of their condition or the exclusion of the owner's rights.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 25–37; Dec. Dig. § 4.*

For other definitions, see Words and Phrases, vol. 2, pp. 1562–1570; vol. 8. p 7618.]

Appeal from St. Lawrence County Court.

Action by Charles Sears against Daniel P. Sovie, brought in justice's court. From an order of the County Court and the judgment entered thereon, reversing the judgment of the justice's court in favor of defendant and directing a new trial before another justice, defendant appeals. Order and judgment of the County Court reversed, and judgment of the justice's court affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Edward P. Lynch, of Ogdensburgh, for appellant.

Forrest K. Moreland, of Ogdensburgh, for respondent.

LYON, J. [1] During the year ending February 29, 1912, the plaintiff was the lessee of his father's farm of about 40 acres, situated

in the town of Oswagatchie, St. Lawrence county. The defendant became the tenant of the farm for the following year, commencing March 1, 1912. The plaintiff, when he removed from the farm, left in the meadow two small stacks of hay. Early in June he came with his team and wagon, drove through the meadow, a distance from 1,800 to 2,100 feet, and drew away three loads of hay. The meadow was somewhat soft and the wagon wheels cut ruts therein from 2 to 12 inches deep. When the plaintiff came to get a fourth load, the following conversation occurred, according to the testimony of plaintiff:

"Q. State the conversation that you had with Mr. Sovie at that time. A. He simply just stopped me. He said for me to keep off the premises. I did not answer him. I did not go back again."

Early in August the plaintiff brought this action in justice court to recover the value of four or five tons of hay, still remaining in the stacks. The answer was a general denial. Upon the trial the justice dismissed the complaint, with costs. Upon appeal the County Court reversed the judgment of the justice court as against the weight of evidence and ordered a new trial before another justice. From the order and judgment of the County Court this appeal has been taken. In our opinion the judgment of the justice court was right and should have been affirmed. The plaintiff was a trespasser in entering the meadow. He says that the reason why he did not draw the hay off during his term was that he was moving and had a lot of things to do and the roads were bad. This did not excuse him from not drawing the hay off the premises during his term, or in at least drawing it to the highway where he could have obtained it without doing damage to defendant, or in drawing it from the meadow early in the spring, when doing so would not seriously injure defendant's crop. Defendant's objection to plaintiff drawing the hay at that time was apparently based solely upon the injury which would thereby be done to the growing crop of grass which defendant testified would cut from two to three tons to the acre. Plaintiff does not seem to have proposed to make defendant good for any damage which defendant might sustain by having the hay drawn across the meadow, and defendant was not obliged to suffer this damage and trust to the results of a lawsuit and to the responsibility of the plaintiff for remuneration for such loss under penalty of being held liable for the value of the hay as having exercised dominion over it. The plaintiff has never demanded the hay or sought at any other time to take it away, and the defendant has never interfered with the hay or done anything to reduce it to his ownership or possession, except as is claimed to have resulted from the above detailed conversation. If defendant was justified at the time and under the circumstances in refusing to allow plaintiff to go upon the land occupied by defendant to draw the hay away, he cannot be said to have converted the property.

[2] Conversion at law is defined to be:

"An unauthorized assumption and exercise of the right of ownership over goods or personal chattels, belonging to another to the alteration of their condition, or the exclusion of the owner's rights." Industrial & General Trust v. Tod, 170 N. Y. 233, 63 N. E. 285.

In the case at bar the defendant simply exercised dominion and control over the real property of which he was rightfully in possession and to the extent only of forbidding the plaintiff to enter thereon at an unsuitable time, when such entry would do the defendant serious damage.

We think that under the circumstances the defendant was justified in doing as he did and cannot thereby be held liable for a conversion of the property. We have examined the cases cited by the respective counsel, but in none of them were the facts similar to those in the case at bar. The finding of the justice was not against the weight of evidence and the County Court erred in reversing the judgment and ordering the new trial.

The order and judgment of the County Court should be reversed, and the judgment of the justice court affirmed, with costs to the appellant in this court and in the County Court. All concur.